IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00099-FDW

| | |
|---|---|
| JULIO ZELAYA-SORTO, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| J. TEAGUE, Sgt.; | ) |
| KENNETH D. POTEAT, | ) |
| Assistant Unit Manager for | ) |
| Restrictive Housing, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983.[1]

Plaintiff is a prisoner of the State of North Carolina who is presently confined in the Alexander Correctional Institution. In his complaint, Plaintiff alleges that he has been denied the issuance of thermal underwear despite his repeated requests to various prison officials that he receive them. Plaintiff contends that he is often cold and uncomfortable in his restrictive housing unit. According to the documents submitted by Plaintiff, medical staff within the prison have reviewed his requests and concluded that he does not qualify therefore his requests were denied.[2]

---

[1] Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

[2] The Court finds that consideration of Plaintiff's written grievances and the responses thereto by prison officials are properly considered in determining whether Plaintiff's complaint states a claim for relief. See Philips v. Pitt County Mem. Hosp, 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

1

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d

841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

In Plaintiff's case, it is clear that the issue of whether he is entitled to receive thermal underwear is a question that must be resolved by medical staff or an assistant superintendent. See, e.g., (5:16-cv-00099, Doc. Nos. 1-3; 1-4). However, Plaintiff has not named any such person as a defendant; therefore he has failed to state a claim in this action that entitles him to any relief. In other words, the record Plaintiff has submitted demonstrates that neither defendant has the authority to order that he receive thermal underwear.

Based on the foregoing, the Court finds that Plaintiff's complaint should be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: October 13, 2016

Frank D. Whitney
Chief United States District Judge