IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00099-FDW

| | | |
|---|---|---|
| JULIO ZELAYA-SORTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. TEAGUE, Sgt.; | ) | **ORDER** |
| KENNETH D. POTEAT, | ) | |
| Assistant Unit Manager for | ) | |
| Restrictive Housing, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for reconsideration of the

order dismissing his pro se complaint filed pursuant to 42 U.S.C. § 1983. See (5:16-cv-00099,

Doc. No. 8: Order).

In his motion for reconsideration, Plaintiff again complains that he has not received

thermal underwear despite repeated requests and that his shelter is inadequate, and he contends

that denying him the thermals and lack of proper housing has affected his comfort and is in

violation of his Eighth Amendment right to be free from cruel and unusual punishment.

To establish a "*prima facie* case that prison conditions violate the Eighth Amendment, a

plaintiff show both '(1) a serious deprivation of a basic human need; and (2) deliberate

indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d

1375, 1379 (4th Cir. 1993). "The Supreme Court has explained that the first showing requires the

court to determine whether the deprivation of the basic human needs was *objectively* 'sufficiently

serious,' and the second requires it to determine whether *subjectively* 'the officials acted with a

sufficiently culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991). "The Constitution 'does not mandate comfortable prisons', but neither does it permit inhumane ones." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337 U.S. 349 (1981)).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" <u>Hill v. Braxton</u>, 277 F.3d 701, 708 (4th Cir. 2002) (quoting <u>Collison v. Int'l Chem. Workers Union</u>, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." <u>Id.</u> (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" <u>Woodrum v. Thomas Mem'l Hosp. Found., Inc.</u>, 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, <u>et al.</u>, <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his complaint nor does he present arguments tied to an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in a manifest injustice. <u>See</u> <u>Hill</u>, 277

F.3d at 708.

In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is

**DENIED**. (Doc. No. 10).

**SO ORDERED**.

Signed: October 28, 2016

Frank D. Whitney
Chief United States District Judge